UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARCELINA N. FORTEN-LOPEZ-LANCIA-MANOS,
                                 Plaintiff,

              -v.-                                               7:10-CV-0563
                                                                      (NPM/GHL)

NEW YORK STATE OFFICE FOR THE AGING,
NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES;
ST. LAWRENCE COUNTY OFFICE FOR THE AGING;
NATIONAL COUNCIL ON AGING, INC.; and
NEW YORK STATE OFFICE OF THE STATE COMPTROLLER,

                                 Defendants.

---

APPEARANCES:

MARCELINA N. FORTEN-LOPEZ-LANCIA-MANOS
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER

       The Clerk has sent to the Court a complaint, renewed application to proceed *in forma pauperis*, and renewed motion for counsel submitted by *pro se* Plaintiff Marcelina N. Forten-Lopez-Lancia-Manos. Dkt. Nos. 1, 3, 6, 7.

**I.    THE COMPLAINT**

      **A.    Defendants New York State Office for the Aging, New York State Department of Corrections, and St. Lawrence County Office for the Aging**

      Plaintiff alleges that through a job placement program offered by Defendant New York State Office for the Aging, she worked for, *inter alia*, Defendant New York State Department of Corrections. Dkt. No. 1 at ¶¶ 11-14, 177-180. She states that she was discriminated against by employees of these Defendants based on her national origin and age. *Id.* at ¶¶ 197-213. She also alleges that she was discriminated against by an employee of Defendant St. Lawrence County Office

for the Aging. *Id.* For a complete statement of Plaintiff's allegations, reference is made to the complaint.

### B. Defendants National Council on Aging and New York State Office of the State Comptroller

Plaintiff names the "National Council on Aging" and the "New York State Office of the State Comptroller" as defendants. However, the complaint contains no allegations of wrongdoing against these entities. Therefore, the complaint fails to state a claim on which relief may be granted against these defendants. *See* 28 U.S.C. § 1915(e)(2)(B) (directing that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted).

Moreover, where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998); *see also Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of N.Y.*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same). Therefore, the Court recommends dismissal of these two defendants.[1]

### II.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

---

[1] By virtue of the Court issuing a Report-Recommendation, Plaintiff has been given notice and opportunity to be heard of the potential dismissal of Defendants National Council on Aging, Inc., and the New York State Office of the State Comptroller. *See Osipova v. J&J Holding Co.*, No. 06 Civ. 3468, 2007 WL 2220479, at *1 n.1 (S.D.N.Y. Aug. 1, 2007) (noting that a magistrate judge's report-recommendation afforded plaintiff of both notice of the potential dismissal of the complaint, and an opportunity to oppose the recommended dismissal, and that this satisfied the notice and hearing requirement for *sua sponte* dismissal) (citations omitted).

Plaintiff filed a renewed application to proceed *in forma pauperis*.  Dkt. No. 6.  After a review of the application, Plaintiff may proceed *in forma pauperis*.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a renewed motion for appointment of counsel.  Dkt. No. 7.  Regarding Plaintiff's motion for appointment of counsel, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  Among these factors are:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

A review of the file in this case reveals that (1) the case does not present novel or complex issues and (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action.  While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974.  Furthermore, if this case survives any dispositive motion(s) filed by Defendant(s), it is highly probable that this Court will appoint trial counsel at the final pretrial conference.  Finally, this Court is unaware of any special reasons why

3

appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the National Council on Aging, Inc., and the New York State Office of the State Comptroller be DISMISSED as Defendants; and it is further

**ORDERED**, that Plaintiff's *in forma pauperis* application (Dkt. No. 6) is **GRANTED**.[2] The Clerk shall issue summonses and forward them, along with copies of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the following three Defendants: New York State Office for the Aging, New York State Department of Correctional Services, and St. Lawrence County Office for the Aging; and it is further

**ORDERED**, that a formal response to Plaintiff's complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before the undersigned; and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon**

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

**all opposing parties or their attorneys is to be returned, without processing, by the Clerk.**
Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern District; and it is further

**ORDERED**, that Plaintiff's motion for appointment of counsel (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 19, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge